UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KELVIN GERARDO SILVA LUCENA,

        Petitioner,

    v.

TODD BLANCHE, *et al.*,

        Respondents.

Case No. 26–cv–03802–ESK

OPINION AND ORDER

**THIS MATTER** is before the Court on petitioner Kelvin Gerardo Silva Lucena's second petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 (Second Petition).   (ECF No. 1)

1.    Petitioner is a citizen of Venezuela. (ECF No. 1 ¶1.)   He entered the United States without inspection in December 2021.   (*Id.*)

2.    On November 10, 2025, petitioner reported to a scheduled appointment with the Department of Homeland Security (Department) Immigration and Customs Enforcement (ICE).   (*Id.* ¶3.)   He was detained at that time and taken to Delaney Hall.   (*Id.* ¶11.)

3.    Petitioner filed his first habeas corpus petition on January 8, 2026 (First Petition).   *Lucena v. Soto*, No. 26–cv–00143 (D.N.J.)   I concluded that the mandatory detention provision of 8 U.S.C. §1225(b)(2) did not apply to petitioner because he "was not seeking to be admitted when ICE agents detained him; he had already been living inside the United States for four years." (First Petition, ECF No. 8 p.4.)   I granted the First Petition and ordered respondents to treat petitioner as detained pursuant to 8 U.S.C. §1226(a) and provide him with a bond hearing within 14 days.   (*Id.* p.5.)

4.    Respondents submitted a letter on February 4, 2026 indicating that petitioner had received a bond hearing on February 3, 2026.   (First Petition, ECF No. 11 p.1.)   The immigration judge denied petitioner bond because he "failed to establish he does not pose a danger to property and the community and that he is likely to appear at future immigration court proceedings."   (First

Petition, ECF No. 11–1 p. 1.)   I closed the proceedings on February 6, 2026. (First Petition, ECF No. 12).   No further filings were made.

5.    Petitioner filed this Second Petition on April 10, 2026.   (ECF No. 1.) He argues that although respondents "technically complied" with the order to provide him with a bond hearing, they "frivolously, arbitrarily, and capriciously held that [petitioner] was both a flight risk and a danger to the community. The decision was based on a cursory evaluation of the evidence presented and based on arbitrary factors that even conflict with the [Board of Immigration Appeals's] own precedent."   (*Id.* ¶ 7.)

6.    He asks for immediate release because "[m]erely ordering [r]espondents to provide another bond hearing to [p]etitioner will not suffice because this Court has already recognized that it will not go out of its way to correct the statutory deficiencies in [r]espondents' actions and, in any event, [r]espondents already rendered the hearing itself illusory."   (*Id.* ¶ 10.)

7.    It is unclear whether petitioner appealed the bond hearing result to the Board of Immigration Appeals, but petitioner did not file a due process challenge to the bond hearing in the First Petition proceedings.

8.    Respondents were ordered to provide a bond hearing for petitioner, and they did.   The fact that petitioner does not like the result does not entitle him to a second bite at the apple.[1]

9.    I do not have jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision.   *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.")   Petitioner's objections to the hearing, *i.e.*, that the evidence did not support a finding of being a flight risk and danger to the community and that the immigration judge failed to follow administrative precedent, should have been submitted to the Board of Immigration Appeals or as a motion to enforce the judgment in the original action.[2]

---

[1] I note that § 1226(a) detainees are entitled to request a custody redetermination from the immigration courts upon a showing of changed circumstances.   8 C.F.R. § 1003.19(e).

[2] The assertion that this Court will "not go out of its way to correct" respondents' actions is unbecoming of a member of the bar.   Hundreds, if not thousands, of immigration petitions have been filed in this District, and the Court and its staff have undertaken herculean efforts to ensure that each and every one is thoroughly and appropriately addressed.

Accordingly,

**IT IS** on this **13th** day of **May 2026** **ORDERED** that:

1.   The Second Petition at ECF No. 1 is **DENIED**.

2.   Any restrictions imposed on petitioner's location by this Court are **LIFTED**.

3.   The Clerk shall **CLOSE** this matter.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**